IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-21086
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEJANDRO BETANCOURT-SANCHEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-00-CR-473-1
--------------------
June 15, 2001

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Alejandro Betancourt-Sanchez (Betancourt) appeals his conviction and sentence following a guilty plea to illegal reentry into the United States following deportation in violation of 8 U.S.C. § 1326(a)(1) and (b)(2).

First, he argues that the felony conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been charged in the indictment. He acknowledges that his argument is foreclosed by the Supreme Court's decision in Almendarez-Torres v. United States, 523 U.S.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

224 (1998), but he seeks to preserve the issue for Supreme Court review in light of the decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

<u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>. <u>See</u> <u>Apprendi</u>, 530 U.S. 489-90; <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), <u>cert. denied</u>, 121 S. Ct. 1214 (2001). Betancourt's argument is foreclosed.

Next, Betancourt argues that his indictment was defective under the Fifth and Sixth Amendments because it did not allege general intent. Because Betancourt did not challenge his indictment in the district court, we review whether it was constitutionally sufficient under a "maximum liberality" standard. <u>See</u> <u>United States v. Guzman-Ocampo</u>, 236 F.3d 233, 236 (5th Cir. 2000). Betancourt's indictment "fairly imported that his reentry was a voluntary act" and satisfied the constitutional requirements of a valid indictment. <u>See</u> <u>id.</u> at 236, 239 & n.13.

AFFIRMED.